IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRYL CARTER,

    Plaintiff,

v.

CLYDE REESE III, et al.,

    Defendants
_____/

No. C 12-5537 MMC

**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Before the Court is plaintiff Darryl Carter's "Second Motion for Temporary Restraining Order and Preliminary Injunction,"[1] filed November 6, 2012, by which plaintiff seeks an order directing defendants Clyde Reese III, in his official and individual capacity as Commissioner of Georgia Department of Human Services, and Keith Horton, in his official and individual capacity as Director of the Division of Child Support Services, to release a hold they assertedly have placed on his driver's license and directing nonparty California Department of Motor Vehicles to process his driver's license application. Having read and considered plaintiff's motion, the Court hereby rules as follows.

The Court will deny plaintiff's request. A district court has no authority to grant relief in the form of temporary restraining order and permanent injunction where it has no

---

[1] By order filed November 2, 2012, the Court denied plaintiff's first request for a restraining order, for failure to comply with Rule 65(b) of the Federal Rules of Civil Procedure.

jurisdiction over the parties. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication.") (internal quotation and citation omitted); Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058 (9th Cir. 1985) (vacating district court's order granting preliminary injunction for lack of personal jurisdiction); see also Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995) (noting "[t]he standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction").

Plaintiff has failed to show this Court has jurisdiction over any defendant named in his complaint. In particular, both of the named defendants are officials of the state of Georgia, and there is no showing they have any contacts with the state of California. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801-07 (9th Cir. 2004) (discussing contacts necessary for general and specific jurisdiction).

Accordingly, plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 9, 2012

MAXINE M. CHESNEY
United States District Judge